UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| HEATHER BERNARD | : | CIVIL ACTION NO.: |
| VS. | : | JUDGE |
| BISHOP NOLAND EPISCOPAL DAY SCHOOL | : | MAGISTRATE JUDGE |

**COMPLAINT
UNDER THE AMERICANS WITH DISABILITIES ACT,
THE FAMILY AND MEDICAL LEAVE ACT,
<u>AND BREACH OF CONTRACT</u>**

NOW INTO COURT, through undersigned counsel, comes Plaintiff, **HEATHER BERNARD**, who with respect alleges as follows:

**I. <u>PARTIES AND JURISDICTION</u>**

1. At all times relevant hereto, Plaintiff, Heather Bernard has been a resident of Calcasieu Parish and is a person of full age of majority.

2. At all times relevant hereto, Defendant, Bishop Noland Episcopal Day School (EDS), a corporation licensed to do and doing business in Calcasieu Parish, Louisiana, has operated an educational facility located in Lake Charles where it conducts classes, kindergarten through seventh grade.

3. At all times relevant to this Complaint, Defendant, Bishop Noland Episcopal Day School has employed more than fifty employees and was and is an employer within the

meaning of the Americans with Disabilities Act (ADA) 42 U.S.C.A. § 12101, *et seq.*, and the Family and Medical Leave Act (FMLA) 29 U.S.C.A. § 2601, *et seq.*

4. This Court has jurisdiction over this matter as it involves a federal question based on the ADA and the FMLA.

5. This Court is the proper venue for this action pursuant to 28 U.S.C.A. § 1391 (b)(1) and (b)(2) because this is the District and Division in which Plaintiff Bernard resides and Defendant Bishop Noland Episcopal Day School operates its educational facility.

## II. STATEMENT OF FACTS RELEVANT TO ALL CLAIMS

6. At all times material to this case, Plaintiff Bernard was and is a qualified individual with a disability within the meaning of the Americans with Disabilities Act as amended.

7. On or about April 11, 2012 Plaintiff signed a contract with Defendant employing Plaintiff as a teacher for the school year beginning August 1, 2012 and ending May 31, 2013.

8. From August 1, 2012 to October 5, 2012, Plaintiff was on short-term medical leave due to an eating disorder, anorexia nervosa, which is a condition affecting a major life function as defined in the ADA.

9. On or about October 1, 2012 Plaintiff was provided a release to return to full duty by her physician and returned to teaching at EDS on October 8, 2012.

10. Between October 8, 2012 and October 24, 2012 Plaintiff performed all her teaching responsibilities and did so without experiencing any limitations or difficulties resulting from the diagnosed eating disorder.

11. On or about October 24, 2012 Plaintiff was informed by letter dated October 24, 2012 signed by the EDS principal that her employment contract with EDS was terminated.

12. The October 24, 2012 letter informed Plaintiff that she was terminated because, due to the her eating disorder, EDS considered her to be incapable of modeling ". . . good health and have the energy and strength to manage the very active days of our young ones."

13. The letter also informed Plaintiff that because of the eating disorder EDS did not believe she was currently capable of performing in accordance with "Characteristics of Professional Excellence expected of all EDS faculty."

14. The reasons for termination stated in the October 24, 2012 letter were unfounded as established by Plaintiff's job performance after returning to work on October 8, 2012.

15. Since terminating Plaintiff's employment Defendant has continued to refuse to reinstate Plaintiff even though Plaintiff has presented to Defendant a medical report from a physician who specializes in eating disorders, dated November 28, 2012, stating that Plaintiff was capable of returning to work with no restrictions.

### III. VIOLATION OF AMERICANS WITH DISABILITIES ACT

16. Defendant has violated the Americans with Disabilities Act in the following manner:

    a. By terminating Plaintiff's contract of employment because Defendant regarded Plaintiff as disabled and as having a physical impairment that substantially limited Plaintiff in the major life activities of working and eating.

    b. By terminating Plaintiff's employment contract before conferring with Plaintiff to discuss a reasonable job accommodation as required by the ADA.

    c. By terminating Plaintiff's employment without having provided notice to Plaintiff of her rights under the Americans with Disabilities Act in that Defendant's handbook did not contain sufficient information explaining Plaintiff's rights under the ADA and by failing to post notices throughout its facility informing Plaintiff of her rights under the ADA.

### IV. VIOLATION OF FAMILY AND MEDICAL LEAVE ACT

17. Defendant has violated the Family and Medical Leave Act by the following acts and omissions:

    a. By failing to inform Plaintiff of the availability of unpaid leave under the FMLA.

    b. By failing to inform Plaintiff of the amount of FMLA leave that Plaintiff had available.

  c. By failing to inform Plaintiff of the procedure to apply for available FMLA leave.

  d. By terminating Plaintiff's employment contract while Plaintiff had FMLA leave available.

## V. BREACH OF EMPLOYMENT CONTRACT

18. Plaintiff and Defendant entered into a "Teacher's Employment Contract" which provides for Plaintiff's employment for the school year August 1, 2012 to May 31, 2013.

19. The contract provided that Plaintiff would be compensated (salary and fringe benefits) in the approximate amount of $44,567.33 for teaching during the entire school year.

20. The contract, paragraph 7, provides Defendant may discharge Plaintiff "during the term of the contract for just cause."

21. Defendant breached the contract when it discharged Plaintiff because the reasons for the discharge, as stated in the October 24, 2012 letter to Plaintiff, do not constitute "just cause."

## VI. DAMAGES

22. As a result of the contract breach, Defendant is liable to Plaintiff for the wages and fringe benefits payable under the contract for the complete duration of the contract, all of which is believed to be in excess of $34,000, for any medical bills which would have been paid by the Defendant's medical plan had Plaintiff remained employed by Defendant, for future lost wages, for reasonable attorney's fees and court costs.

23. As a result of Defendant having terminated Plaintiff's employment in violation of the Americans with Disability Act, Defendant is liable to Plaintiff for lost pay, past and future, for other economic losses, including loss of benefits, compensatory damages, including emotional distress damages, reasonable attorney's fees, court costs, and punitive damages.

24. As a result of Defendant having terminated Plaintiff's employment in violation of the Family and Medical Leave Act, Defendant is liable to Plaintiff for past and future lost wages, emotional distress damages, liquidated damages, reasonable attorney's fees and court costs.

WHEREFORE, Plaintiff respectfully prays that after due proceedings there be judgment in favor of Plaintiff and against Defendant as follows:

a. For the damages stated in VI above;

b. For reasonable costs, including reasonable attorney's fees; and

c. For all other equitable and legal relief to which Plaintiff is entitled.

Respectfully submitted,

_/s/Edward J. Fonti_____
**EDWARD J. FONTI - #5676**
**Attorney for Plaintiff, HEATHER BERNARD**
Jones, Tête, Fonti & Belfour, L.L.P.
1135 Lakeshore Drive, 6th Floor
P. O. Box 1930
Lake Charles, LA 70602-1930
Telephone: (337) 439-8315
Facsimile: (337) 436-5606

**PLEASE SERVE**:

Bishop Noland Episcopal Day School
through its registered agent:
      Rev. Deacon Frances Kay
      803 North Division Street
      Lake Charles, LA 70601